UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                               Case No. 07-44980-wsd

   GRESH, JANET E.,                             Chapter 7

       Debtor.                                  Hon. Walter Shapero

_____/

## OPINION DENYING MOTION FOR RECONSIDERATION
## OF ORDER DISMISSING CHAPTER 7 CASE

On February 7, 2008, the Court delivered its Opinion from the Bench granting the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(3). The Order entered February 11, 2008, conditionally granted the motion, allowing Debtor to convert to chapter 13 within 20 days of its entry. Debtor did not convert and her case was dismissed.

On February 18, 2008, Debtor filed an amended Schedule J. This amended schedule reflected a $122.70 increase in her monthly mortgage payment. Debtor simultaneously filed a Motion for Reconsideration / Rehearing. Debtor's motion was granted and a hearing was held. At the conclusion of the hearing, the Court took the matter under advisement with this Opinion to follow.

### Factual Background

The Court's February Opinion focused on Debtor's $153.96 monthly contribution to a 403(B) plan and her $248.00 monthly payment for her adult son's car. After reviewing the specific circumstances of the case in light of the applicable precedent, the Court found that the monthly 403(B) contribution should be considered disposable income. The Court noted that were this $153.96 paid into a 60-month chapter 13 plan, it would result in approximately $8,868.00 after fees, providing a roughly 33% repayment to unsecured creditors (whose claims total $27,143.72).

1

The Court also examined Debtor's $561.00 in total monthly auto payments for her Buick and her son's Pontiac. Noting that the payments were set to complete in two years, the Court observed this was another source of disposable income to fund a chapter 13 plan. Even assuming that Debtor would substitute a new car payment in the final three years of a plan, the $248.00 a month that she would no longer be paying for her son's car over that period could contribute approximately $8,570.00 after fees toward funding a plan.

These two sources potentially make available some $17,438.00 over a 60-month plan, resulting in a roughly 64% dividend to unsecured creditors. In light of this, as well as the fact that Debtor has stable employment and is otherwise eligible for chapter 13 relief, the Court concluded that the chapter 7 was an abuse.

## Debtor's Reconsideration Arguments

The reconsideration argument made by Debtor is that her adjustable rate mortgage ("ARM") has increased and she anticipates further increases.[1] She points out that the monthly deficit between Schedules I and J is $607.87, so that even were she to stop making the 403(B) contribution and car payment, she would still not have funds available for a chapter 13 plan.

## Discussion & Analysis

### *I.*

Ever since the case was originally filed, Debtor's Schedules I and J have recited a monthly deficit. The original deficit was $228.35 per month. Schedule J was amended in September of 2007 to reflect an increase in the ARM which enlarged the monthly deficit to $485.17. Subsequent to the Court's February Opinion, the Schedule J was again amended to reflect another ARM increase, taking the monthly deficit to $607.87. Schedule I has not ever been amended.

At the hearing, the United States Trustee inquired of Debtor as to how she was able to sustain and fund a monthly budget deficit of $485.17. Debtor testified that she had taken a $2,500.00 lump sum loan from a friend eight months earlier, and had sold jewelry and antiques

---

[1] There was indication that the ARM resets every 6 months.

for approximately $800.00 to cover her monthly deficits.[2] Upon subsequent questioning from the Court, Debtor said that she had repaid approximately ½ of the loan from the friend, by paying whatever she could each month.[3]

Debtor testified that to make-up the monthly budget shortfall in the future, she was going to take a second nursing job, working 6-8 hours on the weekends. The pay for this position was anticipated to be $26.50 per hour. Debtor intended to start in November 2007.

There has as yet been no amendment of Schedule I or other indication that reflects the addition of such a second job or other increase in income. Nor has there been an amendment to Schedule J reflecting a decrease in expenses. It appears that Debtor continues to make a $153.96 monthly contribution to her 403(B) plan as well as the $248.00 monthly payment for her adult son's car despite the $607.87 monthly deficit shown in her schedules.

## *II.*

While Debtor's monthly mortgage payment has increased from $1,585.22 to $1,707.92, she apparently somehow continues to have the disposable funds to pay for her son's car as well as make her monthly 403(B) contribution. In this sense, nothing material to the Court's analysis in the February Opinion has changed.

Even were the increase in the mortgage payment viewed as offsetting the 403(B) contribution, the $248.00 per month expended on the son's car could itself fund a 60-month plan providing an approximately 52% dividend to unsecured creditors.

## **Conclusion**

As it appears Debtor could make funds available on a monthly basis which could be used to fund a chapter 13 plan providing a meaningful dividend to unsecured creditors, (1) Debtor's Motion for Rehearing or Reconsideration of the February 11, 2008 Dismissal Order is DENIED; and (2) the Court hereby again grants Debtor twenty (20) days from the date of entry of the

---

[2] The Court assumes such sales were of property exempted from the bankruptcy estate.
[3] There is no indication of a $2,500.00 loan on schedules D, E, or F. Similarly, there is no monthly repayment expense on any of the three schedule J's. It is unclear how this loan, which was supposedly covering the budget deficits, was able to be ½ repaid while the deficits persisted.

3

accompanying Order to convert the case to chapter 13, following which the dismissal becomes final.

**Signed on September 25, 2008**

                                                **/s/ Walter Shapero**
                                          **Walter Shapero**
                                          **United States Bankruptcy Judge**